JOSEPH F. CUNNINGHAM, ESQ. (Bar No. 65532)
CUNNINGHAM AND ASSOCIATES, PLC
1901 N. Moore St., Suite 802
Arlington, VA 22209
TELEPHONE: (703) 294-6500
FACSIMILE: (703) 294-4885
EMAIL: info@cunninghamlawyers.com

Attorney for Plaintiff SANDRA BENEDICT

**UNITED STATES DISTRICT COURT**

**DISTRICT OF COLUMBIA**

| | |
|---|---|
| SANDRA BENEDICT, an individual, | ) CASE NO. 17-531 |
| *Plaintiff*, | ) **PLAINTIFF SANDRA BENEDICT'S COMPLAINT** |
| *vs*. | ) |
| UNITED STATES OF AMERICA, | ) |
| *Defendant*. | ) |

## COMPLAINT

COMES NOW Plaintiff Sandra Benedict, by and through her attorney of record, asserting claims against Defendant the United States of America, and states and alleges as follows:

## I.

## JURISDICTION AND VENUE

**1.** Plaintiff SANDRA BENEDICT (hereinafter "Plaintiff") is a citizen of the United States and a resident of New York, and served in the United States Navy at all times pertinent hereto.

**2.** The Defendant is the United States of America, acting by and through the

Department of the Navy, an agency of the United States Government.

**3.** This is an action for judicial review of administrative denial of disability benefits that the United States Navy failed to provide Plaintiff under the terms of the Servicemembers Group Life Insurance Traumatic Injury Protection Program (hereinafter "TSGLI").

**4.** Plaintiff brings this action against Defendant the United States of America based upon a failure of the United States Department of Navy to pay benefits owed to Plaintiff under the TSGLI program.

**5.** This Court has jurisdiction over the parties under 38 USC 1975, as well as under the terms of the TSGLI program, as any member who receives an adverse TSGLI decision may obtain judicial review in any United States District Court of competent jurisdiction.

**6.** In addition, even if administrative reviews were required of TSGLI applicants prior to initiating a lawsuit, doing so would be futile because it is certain that a TSGLI claim would be summarily denied on appeal for the reasons states herein. However, in this case Plaintiff exhausted the administrative appeals available prior to commencing this lawsuit.

**7.** 28 USC 1391(e)(1) permits "suits to be brought against the United States in any judicial district where 'a substantial part of the events or omissions giving rise to the claim occurred, or . . . [where] the plaintiff resides'".

**8.** The Navy Council of Review Board is located in Washington Navy Yard, D.C., and it is where the last and ultimate decision was made on Plaintiff's administrative claim, and therefore, the District of Columbia is proper Venue for this case.

## II.

## FACTUAL ALLEGATIONS

**9.** All allegations contained in the previous paragraphs are incorporated herein by reference.

**10.** The Servicemembers' Group Life Insurance Traumatic Injury Protection

Program, also known as TSGLI, is a rider to the SGLI policy that provides a payment for service members injured as the result of a traumatic event.

**11.** TSGLI coverage was added to SGLI policies effective December 1, 2005. After December 1, 2005, all service members covered by SGLI are eligible for TSGLI coverage, regardless of where their qualifying traumatic injury occurred. In addition, a retroactive program covers service members who sustained a qualifying traumatic injury while supporting Operation Enduring Freedom (OEF), Operation Iraqi Freedom (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October 7, 2001 through November 30, 2005. Effective October 1, 2011, the Veterans' Benefit Improvement Act of 2010 removed the requirement that injuries during the retroactive period be incurred in Operations Enduring or Iraqi Freedom.

**12.** Then, effective October 1, 2011, the Veterans' Benefit Improvement Act of 2010 removed the requirement that injuries during the retroactive period be incurred in Operations Enduring or Iraqi Freedom. Since this time, claims have increased, premiums paid into the policy have remained the same, and not coincidentally, systematic denials have increased.

**13.** For service members who suffer a qualifying loss as a result of a traumatic injury event, the Defendant will pay between $25,000 and $100,000, depending on the severity of the qualifying loss.

**14.** The benefit is paid to the member, someone acting on the member's behalf if the member is incompetent, or the member's SGLI beneficiary if the member is deceased, however, the policyholder of the SGLI and TSGLI policies is the government, which limits the ability for bad faith action by participating service members, which further leads to a more systematic system that has an eye for denial.

**15.** All members covered under SGLI who experienced a traumatic event that directly results in a traumatic injury causing a scheduled loss defined under the program are eligible for TSGLI payment.

**16.** Losses must meet the TSGLI standard in order to be eligible or a benefit

payment. There are nine categories of losses covered as follows:

a) Sensory losses
b) Burns
c) Paralysis
d) Amputation
e) Limb Salvage
f) Facial Reconstruction
g) Activities of Daily Living (ADL)
h) Inpatient Hospitalization
i) Coma/TBI combined with another injury

**17.** If a member submits an application for benefits, a medical professional must sign a Part B form to certify the medical information being provided. In so doing, a medical professional certifies that the applicant meets the TSGLI criteria stated above. In Plaintiffs' case, a medical professional certified her individual claim.

**18.** At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits through their status as a servicemember of the Navy.

**19.** Plaintiff suffered traumatic injuries that entitled her to benefits in that Plaintiff met the guidelines for a TSGLI claim based upon her required assistance of another person to perform at least two Losses of Activities of Daily Living ("ADL") due to the traumatic injury that occurred June 15, 2002, when Plaintiff was involved in a serious rollover motor vehicle accident. Plaintiff suffered a head injury, an unstable cervical spine fracture and a left rotator cuff tear. As a result, Plaintiff's was deemed inability to independently bathe and dress without physical assistance for a period of over 30 days by Dr. Su Zhan, M.D.

**20.** On or about June 2011, Plaintiff submitted an application for TSGLI benefits, supported then and thereafter by a Part B form signed by Dr. Su Zhan, M.D, medical professional, indicating that Plaintiff met the ADL loss criteria for TSGLI benefits for inability to independently bathe and dress without assistance.

**21.** Thereafter, Plaintiff received letter denying her benefits, stating that she was determined that she did not meet the standards for compensable loss under the TSGLI Schedule of Losses.

**22.** In follow up to the denial of benefits, independent registered nurse, Terri Burns, RN, BSN supplied a revision of the Part B form, limiting it to over 30 days, but less than 60 days and referenced medical records supporting Plaintiff's claim in light of the TSGLI benefit denial which was supplied to Defendant. Defendant did not reconcile this further supporting statement during the appeals process.

**23.** Further, after the denial of benefits, during the administrative appeal process, Plaintiff's daughter, Casey Szablewski, who was her ADL provider, supplied a statement to Defendant supporting the claim. Defendant did not reconcile this further supporting statement during the appeals process.

**24.** Defendant has standardized its claim denial practices in a manner that is arbitrary, unsupported by its own guidelines, and contrary to law. The Defendant has ignored statements and other evidence. The Defendant's denial of Plaintiff's claim is unsupported by substantial evidence.

**25.** Defendant has denied Plaintiff's claim for TSGLI benefits because, among other reasons, it claims that Plaintiff's medical documents do not indicate that the injury rendered Plaintiff incapable of performing ADLs pursuant to the TSGLI guidelines, in direct opposition to the opinion of a certifying medical professionals who reviewed the same medical records as well as in direct opposition to the first-hand accounts of Plaintiff and Plaintiff's caregiver. Defendant does not give any specific reasons as to why the certifying medical professionals' certification are not credible, nor does it supply any evidence of having based its decision on the opinion of any other medical expert whatsoever.

**26.** The benefit is paid to the member, someone acting on the member's behalf if the member is incompetent, or the member's SGLI beneficiary if the member is deceased, however, the policyholder of the SGLI and TSGLI policies is the government,

which limits the ability for bad faith action by participating service members, which further leads to a more systematic system that has an eye for denial.

**27.** Defendant failed to approve Plaintiff's claims for benefits even though Plaintiff meets the contractual and legal criteria.

**28.** Defendant violated its own guidelines for denying claim by failing to provide loss codes and otherwise adequately advise Plaintiff for the reason for the denial.

**29.** Plaintiff has thereby suffered an unwarranted denial of benefits due to them under the TSGLI program.

## III.

## CLAIMS FOR RELIEF

**30.** All allegations contained in the previous paragraphs are incorporated herein by reference.

**31.** Plaintiff herewith requests judicial review and reversal of Defendant's denial of her claim for TSGLI benefits, based, inter alia, upon Defendant's:

a. failure to pay benefits due and owing under the TSGLI program, as outlined elsewhere herein;
b. failure to identify reasons for the denial of benefits under the applicable guidelines, including omission of loss codes and/or any other adequate basis for its decision; and
c. addition of additional unauthorized criteria for TSGLI claims.

## IV.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. an award of appropriate TSGLI program benefits, which are formulaic in nature, in an amount to be determined by the Court;
b. an award of interest, costs and attorney's fees as provided by statute;
c. an award of attorney's fees as provided by statute and code, including The Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. §2412; and

d. such other relief as the Court deems just and proper.

**Respectfully submitted,**

Dated: March 23, 2017

___________/s/_________________________

JOSEPH F. CUNNINGHAM, ESQ,
CUNNINGHAM AND ASSOCIATES, PLC
EMAIL: **info@cunninghamlawyers.com**
Attorney for Plaintiff Sandra Benedict